```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
MARK R. MOSHER,                )
                               )
        Petitioner,            )
                               )    Civil Action No.
        v.                     )    10-12173-NMG
                               )
THOMAS DICKHAUT,               )
        Respondent.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On May 31, 2013, this Court dismissed the habeas petition of Mark R. Mosher ("Mosher"). Mosher has now requested a Certificate of Appealability (Docket No. 42).

## I. Background

The facts of this case are described at length in Magistrate Judge Boal's Report and Recommendation (Docket No. 22) and need not be repeated here. In his habeas petition, Mosher challenged his conviction on the grounds that he was deprived of his Sixth Amendment right to effective assistance of counsel. This Court denied relief on that ground and dismissed his petition.

## II. Legal Analysis

### A. Standard

Section 2253(c) of Title 28 of the United States Code

provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The debatable-among jurists-of-reason standard is a low barrier.  A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).  The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id.  When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

   **B.  Application**

Mosher contends that he was denied his Sixth Amendment right to effective assistance of counsel because 1) counsel had a conflict of interest and 2) counsel failed to present evidence that the victim owed money to the Vigilantes motorcycle club. This Court concluded that counsel did not have an actual conflict

of interest at the time of trial and that the state appeals court did not apply an unreasonable application of clearly established federal law.  This Court also concluded that counsel was not ineffective in failing to present evidence regarding the victim's debt, reasoning that the Massachusetts Appeals Court did not invoke an unreasonable application of the <u>Strickland</u> standard.  Because reasonable jurists could not debate the outcome, a certificate of appealability is unwarranted.

## ORDER

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **DENIED**.


**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                         Nathaniel M. Gorton
                                         United States District Judge

Dated July 24, 2013